# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID WEINTRAUB, for himself and all others similarly situated,<br><br>                        Plaintiffs,<br><br>                v.<br><br>CLEARVIEW ELECTRIC INC.; and JOHN DOES 1-10,<br><br>                        Defendants. | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**INDEX:**_____ |

Plaintiff alleges:

## NATURE OF THIS ACTION

1. Defendants violated the Telephone Consumer Protection Act, 47 USC § 227 *et seq*. ("TCPA"), by using an automated telephone dialing system to place solicitation phone calls to Plaintiff, and to putative class members, whose landline numbers were registered with the national Do Not Call Registry.

## PARTIES AND JURISDICTION

2. Named plaintiff is a natural person and resident of this judicial district.

3. Clearview Electric Inc. ("Clearview") is a corporation organized under the laws of Texas, and located in Dallas, Texas.

4. Clearview regularly conducts business in this judicial district.

5. John Does 1-10 are entities whose names are not presently known to Plaintiff, but which will become known to Plaintiff through discovery in this action.

6. The Court has subject matter jurisdiction pursuant to 28 USC §1331; 28 USC §§ 2201-2; and the holding of *Mims v. Arrow Fin. Services, LLC*, 132 S.Ct. 740 (2012).

7. Events giving rise to this action occurred in this judicial district. Venue lies under 28 USC § 1391(b).

## FACTS

8. Plaintiff had a residential landline ending in 0709 at all relevant times.

9. Plaintiff registered his 0709 landline telephone number with the national Do Not Call registry on or about July 23, 2004, and maintained such registration at all relevant times since.

10. Clearview sells electricity to residential consumers.

11. On June 10, 2013, Plaintiff received three phone calls on his 0709 landline number, in which a person solicited Plaintiff to switch his residential electricity provider to Clearview.

12. Each such phone call was placed to Plaintiff by Clearview, or by a third-party marketer acting on Clearview's behalf, and with Clearview's knowledge and consent.

13. Upon information and belief, each such phone call was placed by means of an automated telephone dialing system. Clearview uses aggressive telemarketing campaigns to solicit customers, and engages third parties to call consumers on a mass scale for such purposes. In one or more submissions to state regulatory authorities, Clearview has described the auto-dialer systems used, with Clearview's knowledge and consent, to solicit Clearview customers.

14. In at least one of the aforementioned phone calls to Plaintiff, the person speaking to Plaintiff initially posed as a representative of PSE&G, Plaintiff's then-current electricity service provider. When pressed by Plaintiff, the person admitted to calling on behalf of Clearview.

15. The purpose of each aforementioned phone call to Plaintiff was to solicit Plaintiff to switch his residential electricity provider to Clearview.

16. Plaintiff was told on each of these phone calls that he should switch his electricity provider to Clearview, and that he would save money by doing so.

17. On one or more of these phone calls, Plaintiff was told he could call 888-746-4702 for additional information, or that he could call such number to switch his utility service to Clearview. Such 888 number is the number for Clearview's customer service, advertised on its website maintained on the Internet.

18. Each phone call described above caused Plaintiff annoyance, harassment, and wasted his time. Plaintiff is disabled, and endured difficulty and hardship in physically getting to a telephone in his home to answer the phone calls described above.

19. Plaintiff did not give prior consent to Clearview, nor to anyone else, to contact him by phone for purposes of soliciting him as a prospective Clearview customer.

20. Plaintiff had no prior relationship with Clearview as of June 10, 2013.

21. Clearview was aware, no later than 2009 and 2010, of consumer complaints regarding its telemarketing practices similar to those alleged by Plaintiff herein. For example, upon information and belief:

    - Clearview learned of a consumer complaint, dated December 1, 2009, from a New York consumer who received a solicitation call from a sales representative promoting Clearview, but who falsely posed as a representative of ConEd.

    - Clearview learned of a complaint dated December 21, 2009, from a Connecticut resident, who received a solicitation call from a sales representative promoting Clearview but falsely posing as an agent of Direct Energy – a completely different electricity service provider.

- Clearview learned of a complaint dated December 11, 2009, from a Connecticut resident, about receiving an unsolicited call from Clearview.

- Clearview learned of a complaint dated December 10, 2009, from a Connecticut resident, regarding a solicitation call in which a sales representative failed to accurately disclose affiliation with Clearview.

- Clearview learned of a Pennsylvania resident complaint of July 27, 2010, who received a solicitation call from a sales representative promoting Clearview but falsely posing as an agent of PP&L, a Pennsylvania utility. Indeed, Clearview itself determined upon review that the representative failed to accurately disclose his or her affiliation with Clearview in the call.

22. Following numerous complaints, and a regulatory investigation by the Connecticut Department of Public Utility Control, Clearview committed itself to closer oversight of its telemarketing sales efforts. Prior to 2013, Clearview committed, in submissions to one or more state regulatory authority, to approve and visit telemarketer sites; to regularly audit its telemarketing sites; and that Clearview would pre-approve all telemarketing scripts.

## CLASS ACTION ALLEGATIONS

23. **Class definition**: This action is brought pursuant to FRCP 23 on behalf of the following class of individuals:

    a. All persons in the United States;
    b. who in the last four years received one or more phone calls placed by means of an automated telephone dialing system to a residential landline;
    c. for purposes of solicitation;

    d. where such landline number was registered on the national Do Not Call registry; and

    e. where such calls were made by Clearview, or by anyone acting on behalf of Clearview and with Clearview's consent;

24. The action is properly maintained as a class action.

25. **Numerosity**.  Upon information and belief, the class is so numerous that joinder of all parties is not practical.  Clearview, and those acting with its consent and on its behalf, engage in telephone marketing on a mass scale, initiating thousands of phone calls to consumers.

26. **The class is ascertainable.**  Upon information and belief, Clearview, and those acting with its consent and on its behalf, maintain records sufficient to identify class members, and phone calls to class members which violated the TCPA for the reasons alleged herein.  Additionally, third-parties, such as phone companies, are in possession of records which may assist in ascertaining the class.

27. **Common Questions Predominate.**  The following are questions of law and fact which are common to class members, and predominate over individual questions:

    a. Whether Clearview violated the TCPA;

    b. Whether Clearview violated the TCPA knowingly;

    c. Whether Clearview had actual knowledge of the practices of third-party telemarketers it retained to solicit customers;

    d. Whether Clearview acted willfully, or recklessly, in failing to have knowledge of the practices of third-party telemarketers it retained to solicit customers.

28. **Plaintiff's claims are typical of class members'.**  The legal theories and factual findings that would support Plaintiffs' claims for relief would apply equally to the claims brought on behalf of the class.

29. **Adequacy**.  Plaintiff is prepared to adequately represent the class, and has retained competent counsel to do so.  No conflicts are foreseen in named Plaintiff acting on behalf of the class.

30. **Superiority.** A class action is a superior means of pursuing the claims alleged herein, because a class action: eliminates the risk of inconsistent results across various forums; renders the pursuit of these claims economical, whereas individual claims may not justify the expense of litigation; no difficulties are foreseen in maintain this action as a class action. Indeed, it is well established that claims such as those asserted by Plaintiff herein may be asserted as class claims.

## COUNT I
## Telephone Consumer Protection Act
## 47 USC § 227 et seq.

31. All preceding paragraphs are re-alleged.

32. Clearview placed, or persons acting on behalf of Clearview and with its consent placed, solicitation telephone calls to Plaintiff and class members initiated by an automated telephone dialing system.

33. Such calls were placed to residential landlines registered with the national Do Not Call registry.

34. Clearview violated the TCPA strictly, or in the alternative, violated the TCPA knowingly.

35. Plaintiff suffered harm as a consequence thereof.

36. Clearview is liable to Plaintiff and class members in the amount of $500 per violation, or in the alternative, for up to $1,500 per violation, of the TCPA alleged herein.

37. The Court should declare Clearview violated the TCPA, and should enjoin Clearview from such further violations of the TCPA as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgement as follows:

A. Certifying the class alleged herein and appointing named Plaintiff and undersigned counsel to represent the same.

B. Damages of $500 for each violation of the TCPA alleged herein, pursuant to 47 USC § 227(b)(3)(b), or in the alternative, damages of $1,500 for each violation of the TCPA alleged herein, pursuant to 47 USC § 227(b)(3)(C);

C. A declaration that Defendants conduct violated the law, and equitable and injunctive relief sufficient to remedy the same;

D. Attorneys' fees and costs of this action, interest as allowed by law, and all such other relief as this court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: New York, New York
June 7, 2017

                                                 */s/Gabriel Posner*
                                                 N.J. Bar number 137312015
                                                 270 Madison Avenue, Suite 1203
                                                 New York, New York 10016
                                                 Phone: (646) 546-5022
                                                 Email: gabe@PosnerLawPLLC.com
                                                 *Counsel for Plaintiff*

**LOCAL RULE 11.2 CERTIFICATION**

I, Gabriel Posner, Esq. hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy in this action is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

<u>s/ Gabriel Posner, Esq.</u>